# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# BEAUMONT DIVISION

No. 1:94-CR-34

United States of America

v.

Von Neil Louis
                                  Defendant

**Report and Recommendation Re: Petition for Warrant
or Summons for Offender Under Supervision**

Pending is a "Petition for Warrant or Summons for Offender Under Supervision," filed November 9, 2009, alleging that defendant violated conditions of supervised release. This matter is referred to the undersigned United States magistrate judge for review, hearing, and submission of a report with recommended findings of fact and conclusions of law. See United States v. Rodriguez, 23 F.3d 919, 920 n.1 (5th Cir. 1994); see also 18 U.S.C. § 3401(i) (2000); Local Rules for the Assignment of Duties to United States magistrate judge.

## I. The Original Conviction and Sentence

Defendant was sentenced on September 20, 1994, before The Honorable Richard A. Schell, U.S. District Judge of the Eastern District of Texas, after pleading guilty to the offenses of Possession with intent to distribute more than five (5) grams of cocaine mixture or base within 1,000 feet of a school and Possession with intent to distribute more than five (5) grams of cocaine mixture or base, both Class B felonies.  These offenses carried statutory maximum imprisonment terms of: Count I: 80 years; Count II: 40 years.  The guideline imprisonment range, based on a total offense level of 30 and a criminal history category of III, was 121 to 151 months.  Defendant was subsequently sentenced to 144 months imprisonment on each count, to be served concurrently, followed by 8 years supervised release subject to the standard conditions of release, plus special conditions financial disclosure; drug treatment; and a $100 special assessment.

## II. The Period of Supervision

On August 1, 2003, defendant completed his period of imprisonment and began service of the supervision term.

## III. The Petition

United States Probation filed the pending Petition for Warrant or Summons for Offender Under Supervision on November 9, 2009.  The petition alleges that defendant violated the following condition of release:

| Special Condition: | Defendant shall participate in a program of testing and treatment for drug abuse, as directed by the probation officer, until such time as defendant is released from the program by the probation officer. |
|---|---|

As grounds, the petition alleges that defendant failed to participate in a drug testing program, as directed by his probation officer. As a result, defendant was unsuccessfully discharged from the program on October 7, 2009.

## IV. Proceedings

On November 12, 2009, the undersigned United States Magistrate Judge convened a hearing pursuant to Rule 32.1, Federal Rules of Criminal Procedure, to hear evidence and argument on whether defendant violated conditions of supervised release. If so, the hearing would also consider the appropriate course of action.

At the revocation hearing, counsel for the government and the defendant announced an agreement as to a recommended disposition. Defendant would agree to plead "true" to the allegation that he violated a special condition of supervised release by failing to participate in a drug testing program. Further, the court should revoke defendant's supervised release and impose five (5) months imprisonment, with no term of supervised release thereafter.

At the revocation hearing, defendant pleaded "true" to the allegation that he violated a special condition of supervised release by failing to participate in a drug testing program.

## V. Principles of Analysis

Upon finding by a preponderance of the evidence that a defendant has violated conditions of supervised release, pursuant to 18 U.S.C. § 3583(e)(3) the court may revoke the term of supervised release and require defendant to serve in prison all or part of the term of supervised release without credit for time served on post-release supervision. The original offense of conviction was a

Class B felony; therefore, the maximum term of imprisonment authorized under 18 U.S.C. § 3583(e)(3) is 3 years.

According to U.S.S.G. § 7B1.1(a), if the court finds by a preponderance of the evidence that defendant violated a special condition of supervised release by failing to participate in drug testing program, defendant will be guilty of committing a Grade C violation. U.S.S.G. § 7B1.3(a)(2) indicates upon a finding of a Grade C violation, the court may (A) revoke probation or supervised release; or (B) extend the term of probation or supervised release and/or modify the conditions of supervision. U.S.S.G. § 7B1.4(a) provides that in defendant's case a revocation of supervised release based on a Grade C violation and a criminal history category of III, the guideline imprisonment range is 5 to 11 months.

According to U.S.S.G. § 7B1.3(c)(1), where the minimum term of imprisonment determined under U.S.S.G. § 7B1.4 is at least one month but not more than six months, the minimum term may be satisfied by (A) a sentence of imprisonment; or (B) a sentence of imprisonment that includes a term of supervised release with a condition which substitutes community confinement or home detention, according to the schedule in U.S.S.G. § 5C1.1(e), for any portion of the minimum term.

18 U.S.C. §§ 3583(e) and 3553(a) provide that in determining sentence, the court shall consider:

1. The nature and circumstance of the offense and the history and characteristics of the defendant; see 18 U.S.C. § 3553(a)(1);

2. The need for the sentence imposed to afford adequate deterrence to criminal conduct; to protect the public from further crimes of the defendant; and to provide the defendant with needed educational or

vocational training, medical care, other corrective treatment in the most effective manner; <u>see</u> 18 U.S.C. §§ 3553 (a)(2)(B)-(D);

3. Applicable guidelines and policy statement issued by the Sentencing Commission, for the appropriate application of the provisions when modifying or revoking supervised release pursuant to 28 U.S.C. § 994(a)(3), that are in effect on the date the defendant is sentenced; <u>see</u> 18 U.S.C. 3553(a)(4); <u>see also</u> 28 U.S.C. § 924(A)(3);

4. Any pertinent policy statement issued by the Sentencing Commission, pursuant to 28 U.S.C. § 994(a)(2), that is in effect on the date the defendant is sentenced; <u>see</u> 18 U.S.C. § 3553(a)(5); and

5. The need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; <u>see</u> 18 U.S.C. § 3553(A)(6).

**VI. Application**

The undersigned has carefully considered each of the five factors listed in 18 U.S.C. §§ 3583(e) and 3553(a).

**<u>Findings:</u>**

Defendant pleaded "true" to the allegation that he violated a special condition of supervised release by failing to participate in drug testing program. Based upon defendant's plea of "true" to the allegations and U.S.S.G. § 7B1.1(a), defendant violated conditions of supervised release in the manner alleged in the petition. Defendant's violations are Grade C violations with policy guidelines suggesting 5 to 11 months imprisonment upon revocation.

**<u>Conclusion and Justification:</u>**

Defendant has demonstrated inability to adhere to conditions of supervision. Defendant was arrested in January 2009 by Beaumont Police

Department and subsequently placed on probation for possession of marijuana. As a result, defendant was placed in a drug testing program for violating his term of supervised release. Defendant did not comply with conditions of his supervision by failing to submit urine samples, as directed, resulting in his being unsuccessfully discharged from the program. A low incarceration sentence with no term of supervised release appropriately addresses defendant's violation as he will be supervised on probation by Jefferson County, Texas, upon his release. The sentencing objectives of punishment, deterrence and rehabilitation will best be served by a term of incarceration.

## RECOMMENDATIONS

1. The court should find that defendant violated a special condition of supervised release, by failing to participate in drug testing program, in the manner alleged in the petition.

2. The petition should be granted and defendant's supervised release revoked pursuant to 18 U.S.C. § 3565.

3. Defendant should be sentenced to a term of imprisonment of 5 months.

## OBJECTIONS

At the close of the revocation hearing, defendant, defense counsel, and counsel for the government each signed a standard form waiving their right to object to the proposed findings and recommendations contained in this report, consenting to revocation of supervised release as recommended herein, and consenting to the imposition of the above sentence recommended in this report. Defendant waived his right to be present and speak before the district judge

imposes the recommended sentence. Therefore, the court may act on the report and recommendation immediately.

SIGNED this __18__ day of November, 2009.

_____
Earl S. Hines
United States Magistrate Judge